STEVEN G. KALAR
Federal Public Defender
VARELL L. FULLER
Assistant Federal Public Defender
55 South Market Street, Suite 820
San Jose, CA 95113
Telephone: (408) 291-7753

Counsel for Defendant BARREIRO

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | No. CR-13-00636 LHK |
| ) | |
| Plaintiff,  ) | JOINT STATUS CONFERENCE |
| ) | STATEMENT |
| vs.  ) | |
| ) | |
| ANTHONY BARREIRO, et al.,  ) | |
| ) | |
| Defendants.  ) | |
| _____) | |

     Defendant Anthony Barreiro, by and through Assistant Federal Public Defender Varell L. Fuller; defendant Ernest Ray Parker, by and through counsel Peter A. Leeming; and the United States, by and through Assistant United States Attorney Timothy J. Lucey, hereby submit this Joint Status Conference Statement in anticipation of the status conference scheduled for December 10, 2014, to update the Court regarding the developments and progress in this case.

     The defendants were indicted on September 25, 2013, but the indictments were sealed until the defendants were arrested in Texas on January 10, 2014. They were arrested without incident, and made their initial appearances in the Northern District of Texas in removal proceedings. They were ordered released, made their initial appearances in the Northern

1  District of California on January 16, 2014, and were arraigned on February 11, 2014.  At that
2  time, the Federal Defender was appointed to represent Mr. Barreiro, and Mr. Parker was
3  represented by Mr. Bretton C. Gerard.  To accommodate Mr. Gerard, who resides in Texas, the
4  parties had their initial district court appearance on February 12, 2014.  During that court
5  appearance, the United States advised the Court that it anticipated providing discovery, and
6  defense counsel advised of their intention to file a notice of related cases.  The Court set a further
7  status date for April 1, 2014, and excluded time.

8  On February 13, 2014, the defendants filed a notice of related cases requesting that this
9  matter be deemed related to civil case *Hoskins v. Gaylord, et al*, No. 13-cv-04320-JST.  On
10  February 14, 2014, the government filed a statement in opposition to the defendants' notice.  The
11  Honorable Jon S. Tigar issued an order deeming the matters not related on February 23, 2014.

12  On February 24, 2014, the United States provided defense counsel with 1,497 pages of
13  discovery.  The United States declined at that time to provide copies of any witness statements,
14  which it deemed to be *Jenks*.  Counsel for Mr. Barreiro began diligently reviewing and
15  organizing the material, and the Federal Defender has since created a database of those materials.
16  By stipulation of the parties, the previously set April 1, 2014, status date was continued to May
17  21, 2014, and time was excluded.   On May 5, 2014, however, Mr. Gerard moved to withdraw as
18  counsel for Mr. Parker.  On May 21, 2014, the parties appeared before the Court for a status
19  conference and the matter was continued to June 11, 2014, due in part due to Mr. Gerard's
20  pending motion to withdraw.  At a hearing on June 9, 2014, before Magistrate Judge Cousins,
21  Mr. Gerard withdrew and Peter Leeming was retained as new counsel for Mr. Parker.

22  On June 10, 2014, the Court continued the matter to August 27, 2014, by stipulation of
23  the parties, with an exclusion of time.

24  Mr. Gerard, who had for a time acted as counsel for both defendants, refused to provide a
25
26

1  copy of the client file because of a fee dispute with Mr. Parker.[1]  On June 13, 2014, counsel for
2  the defendants filed a joint motion to compel Mr. Gerard to produce the client file.

3  At a joint defense meeting on July 10, 2014, counsel for Mr. Barreiro received what Mr.
4  Gerard purported to be the client file – three large unorganized boxes of documents.  It was later
5  determined the boxes consisted of 11,586 pages of documents.  They were Bates stamped and
6  indexed, and a database of the materials was created.  The defense investigation and preparation
7  has also involved the gathering and review of no less than thirteen bankruptcy proceedings, four
8  separate civil suits related to the collapse of ArtLoan, and approximately 1,566 pages of
9  depositions, exclusive of supporting exhibits.  The defense investigation and review of the
10 related civil proceedings is ongoing.  These documents have not been provided, at this time, to
11 the Government.

12 Counsel for Mr. Parker and Mr. Barreiro have diligently reviewed the 1,497 initial
13 discovery production and have had several discussions with government counsel about the
14 evidence in relation to the alleged conduct.  Upon reviewing the initial discovery, both defense
15 counsel believed it was inconsistent with the alleged conduct.

16 In the course of discussions between the parties in November of 2014 regarding the
17 nature of the allegations and the defense discovery requests, the government realized that
18 approximately an additional 14,000 pages of discovery, which the government had transmitted in
19 May of 2014, had yet to be received by the defense.

20 On November 17, 2014, in an effort to clarify this issue, counsel for Mr. Barreiro
21 submitted a letter to the government requesting that the United States identify by Bates page the
22 items referenced in the indictment.  Also on November 17, 2014, counsel for Mr. Barreiro
23 provided the government with a supplemental discovery request for the production of the witness
24 statements of 25 individuals and organizations counsel identified from the initial discovery

---

[1] That fee dispute and Mr Gerard's actions is presently the subject of on going State Bar Proceedings in Texas.

Joint Statement
No. CR 13-00636 LHK                    3

production as possible ArtLoan investors

On November 19, 2014, the parties met at the United States Attorney's office to meet and confer regarding the outstanding discovery issues as well as the substantive allegations of the indictment and supporting evidence. At that time, the government re-produced its May 2014 production of approximately 14,000 bates pages of discovery as well as a further production of approximately 3,000 bates pages of additional discovery in response to discovery letters from the defense earlier that week.

On November 20, 2014, the United States, though not required to do so, provided an index of the materials to assist defense counsel in their review and analysis of these documents along with the additional set of approximately 3,000 further bates-stamped documents. The discovery produced is voluminous and contains crucial information, including the previously requested witness interviews, audio recordings, financial records, transcripts and court records from civil proceedings, and a considerable number of ArtLoan email communications.

The defense review and preparation to date involves no less than 40,000 bates pages of materials, which includes the 20,000 bates pages received the week of November 17, 2014.

The defense review and organization of those materials is ongoing. Additionally, the defense reasonably believes and anticipates, based on a preliminary review of those materials, that there will be a need for supplemental discovery requests, the preparation of pretrial subpoenas duces tecum, and the need to conduct witness interviews. In an effort to expedite those witness interviews, counsel for Mr. Barreiro has retained a second investigator, as the San Jose Division of the Federal Defender at present has only one Investigator.

The parties are in agreement that, because of the unanticipated delays in the receipt of certain discovery, and the voluminous nature of materials involved, both the United States and the defense would benefit from the setting of a further status conference up to 60 days out from the December 10, 2014, status conference.

For the above-going reasons, the parties will respectfully requests that, at the status

conference on December 10, 2014, the Court set a status conference on a date to be determined in 2015, and that the case be declared complex, within the meaning of 18 U.S.C. § 3161(7)(B)(ii).

The parties are also in agreement and are prepared to further stipulate, at the December 10 status conference, that an exclusion of time is necessary and appropriate based on defense counsels need to effectively prepare as well as continuity of counsel.  With respect to the basis for a exclusion of time based on continuity of counsel, counsel for Mr. Barreiro's is unavailable the week of December 22, 2014 due to previously scheduled holiday travel.

Dated:  December 8, 2014

Respectfully submitted,

STEVEN G. KALAR
Federal Public Defender


_____/s/_____
VARELL L. FULLER
Assistant Federal Public Defender
Counsel for defendant Anthony Barreiro


_____/s/_____
PETER A. LEEMING
Counsel for defendant Ernest Ray Parker


_____/s/_____
TIMOTHY J. LUCEY
Assistant United States Attorney

Joint Statement
No. CR 13-00636 LHK				5